

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

# Court of Common Pleas

**New Case Electronically Filed:**
**December 6, 2019 13:17**

By: CHRISTOPHER B. CONGENI 0078160

Confirmation Nbr. 1887554

| | |
|---|---|
| 1909 W25, LLC AND ROBERT GEORGE, ET AL | CV 19 926292 |
| vs. | |
| ALEXANDRA BRIGHT | **Judge:** WILLIAM T. MCGINTY |

**Pages Filed:** 9

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO
GENERAL DIVISION

| | |
|---|---|
| 1909 W25, LLC, an Ohio corporation, ) <br> 1909 West 25th Street ) <br> Cleveland, Ohio, 44113 ) <br> ) <br> and ) <br> ) <br> ROBERT GEORGE, ) <br> 1909 West 25th Street ) <br> Cleveland, Ohio, 44113 ) <br> ) <br> *Plaintiffs,* ) <br> ) <br> v. ) <br> ) <br> ALEXANDRA BRIGHT, ) <br> 1007 Pelton Court, Apt. 3 ) <br> Cleveland, Ohio, 44113-3672 ) <br> ) <br> *Defendant.* ) <br> ) | CASE NO.: <br><br> JUDGE: <br><br> **COMPLAINT OF PLAINTIFFS 1909 W25, LLC, AND ROBERT GEORGE FOR RELIEF IN LAW AND EQUITY AGAINST DEFENDANT ALEXANDRA BRIGHT** <br><br> **JURY DEMAND ENDORSED HEREON** |

Plaintiffs, 1909 W25, LLC ("1909 W25") and Robert George ("George"), by and through undersigned counsel, for their Complaint against Defendant Alexandra Bright ("Bright"), allege as follows:

## PARTIES

1. Plaintiff 1909 W25, LLC, is a limited-liability company doing business in Ohio.

2. Plaintiff Robert George is an individual residing in Ohio.

3. Defendant Alexandra Bright is an individual residing in Ohio.

## JURISDICTION AND VENUE

4. The Court has personal jurisdiction over Bright because Bright, upon information and belief, currently resides in Cuyahoga County, Ohio.

5. This Court has jurisdiction over the subject matter of this action pursuant to R.C. § 2305.01.

6. The amount in controversy in this action is greater than fifteen thousand dollars ($15,000).

7. Venue is proper in this Court pursuant to Civ. R. 3(C)(1), because, upon information and belief, Bright currently resides in Cuyahoga County, Ohio.

## STATEMENT OF FACTS

8. 1909 W25 and George own and operate a bar and restaurant in Cleveland, Ohio, named "Town Hall." 1909 W25's and George's trade and profession consists primarily of owning and operating bars and restaurants in the Cleveland, Ohio, area.

9. Bright was a former employee of Town Hall. Bright began her employment on or about June 3, 2013.

10. On or about May 29, 2018, Bright voluntarily resigned her employment.

11. Though Bright was a long-tenured employee of Town Hall, her employment was riddled with performance deficiencies, corrective actions, and discipline.

12. Bright received corrective or disciplinary actions in her employment on June 3, October 25, and November 2, 2013; June 4, 2014; July 25, 2015; and May 29, 2019.

13. The corrective and disciplinary action issued to Bright involved Bright's argumentative and confrontational behavior with customers, abusive behavior toward other employees, the destruction of company property, and the ultimate abandonment of her job.

14. On March 27, 2018, Bright published on social media the first of several false and defamatory statements, which were intended to harm 1909 W25 and George and their trade and profession.

2

15.     Bright's March 27, 2018, social media publication read: "He [George] first asked me to take pictures of interviewees begiew [*sic*] hiring to make sure they were pretty enough. I would ask them to send selfies bc [*i.e.* because] I felt like a pos [*i.e.* 'piece of shit'] otherwise."

16.     Bright's March 27, 2018, social media publication referenced hiring practices at Town Hall, which is owned by 1909 W25 and George, and the specific instructions of George with regard to those practices.

17.     Bright's March 27, 2018, social media publication contained false and defamatory allegations. Bright made these allegations knowing that they are false, or with reckless disregard for their falsity, and with actual malice, as she intended to harm 1909 W25 and George in their trade and profession.

18.     On May 2, 2018, Bright published on social media another false and defamatory statement, which was intended to harm 1909 W25 and George in their trade and profession.

19.     Bright's May 2, 2018, social media publication read: "And sometimes he [George] would ask me to send pics [*i.e.* photographs] of specific employees he [George] didn't like to see if he [George] had a reason to fire them. @bobbygeorge [*i.e.* George's social media address]…always so concerned about looks and not work ethic."

20.     Bright's May 2, 2018, social media publication referenced hiring and employee retention practices at Town Hall, which is owned by 1909 W25 and George, and the specific instructions of George with regard to those practices.

21.     Bright's May 2, 2018, social media publication contained false and defamatory allegations. Bright made these allegations knowing that they are false, or with reckless disregard for their falsity, and with actual malice, as she intended to harm 1909 W25 and George in their trade and profession.

3

22. On December 10, 2018, Bright published on social media another false and defamatory statement, which was intended to harm 1909 W25 and George in their trade and profession.

23. Bright's May 2, 2018, social media publication read: "He [George] is an intimidating man that deserves the shame he's given to women ten fold, if not more. Stand up for what's right. Brainwashing 19 year olds into thinking their worth is in their looks is the furthest from being right."

24. Bright's December 10, 2018, social media publication referenced management practices at Town Hall, which is owned by 1909 W25 and George, and the specific treatment of employees.

25. Bright's December 10, 2018, social media publication contained false and defamatory allegations. Bright made these allegations knowing that they are false, or with reckless disregard for their falsity, and with actual malice, as she intended to harm 1909 W25 and George in their trade and profession.

26. Upon 1909 W25's and George's information and belief, Bright continues to publish false and defamatory statements directed to, and about, 1909 W25 and George after she voluntarily resigned her employment. 1909 W25 and George believe that this behavior will continue, absent Court intervention.

27. As a result of Bright's false and defamatory social media publications described herein, 1909 W25 and George were directly and proximately injured in an amount exceeding $25,000 and to be determined at trial.

4

## COUNT ONE
### (Defamation)

28. 1909 W25 and George incorporate by reference all allegations in the preceding paragraphs herein.

29. As described herein, Bright made false and defamatory statements about 1909 W25 and George that she published to social media.

30. Bright made these statements with actual knowledge, or reckless disregard, of their falsity.

31. Bright made the statements described herein with actual malice, as she intended to harm 1909 W25 and George in their business, trade, and profession.

32. Bright published the statements described herein to third parties, with the intent to persuade those third parties from patronizing 1909 W25's and George's establishments, and that meaning is readily understood from the face of the statements.

33. Bright's statements, as described herein, did indeed have the effect of harming 1909 W25's and George's trade and profession.

34. As a result of Bright's false and defamatory statements, 1909 W25 and George directly and proximately suffered damage to their reputations, and to their trade and profession in the form of lost revenue.

35. As a result of Bright's false and defamatory social media publications described herein, 1909 W25 and George were directly and proximately injured in an amount exceeding $25,000 and to be determined at trial.

36. 1909 W25 and George also respectfully request punitive damages for the actions of Bright, which constitute defamation, as described herein, in an amount to be determined by the Court.

5

## COUNT TWO
### (Defamation Per Se)

37. 1909 W25 and George incorporate by reference all allegations in the preceding paragraphs herein.

38. As described herein, Bright made false and defamatory statements about 1909 W25 and George that she published to social media

39. Bright made these statements with actual knowledge, or reckless disregard, of their falsity.

40. Bright made the statements described herein with actual malice, as she intended to harm 1909 W25 and George in their business, trade, and profession.

41. As a result of Bright's false and defamatory statements, 1909 W25 and George directly and proximately suffered damage to their reputations, and to their trade and profession in the form of lost revenue.

42. Bright made the statements described herein with the intent to cause 1909 W25 and George damage to their trade or profession, as required to establish defamation per se, and these statements actually caused damage to 1909 W25's and George's trade and profession.

43. As a result of Bright's false and defamatory social media publications described herein, 1909 W25 and George were directly and proximately injured in an amount exceeding $25,000 and to be determined at trial.

44. 1909 W25 and George also respectfully request punitive damages for the actions of Bright, which constitute defamation per se, as described herein, in an amount to be determined by the Court.

6

## COUNT THREE
### (Application for Permanent Injunction)

45. 1909 W25 and George incorporate by reference all allegations in the preceding paragraphs herein.

46. As described herein, Bright made false and defamatory statements about 1909 W25 and George that she published to social media

47. Bright made these statements with actual knowledge, or reckless disregard, of their falsity.

48. Bright made the statements described herein with actual malice, as she intended to harm 1909 W25 and George in their business, trade, and profession.

49. As a result of Bright's false and defamatory statements, 1909 W25 and George directly and proximately suffered damage to their reputations, and to their trade and profession in the form of lost revenue.

50. Upon 1909 W25's and George's information and belief, Bright continues to publish false and defamatory statements directed to, and about, 1909 W25 and George after she voluntarily resigned her employment.

51. 1909 W25 and George believe that this behavior will continue, absent Court intervention.

52. 1909 W25 and George believe that these statements are damaging, unnecessary, and will continue to damage 1909 W25 and George in their trade and business.

53. For the reasons contained herein, 1909 W25 and George respectfully requests that the Court enters an order permanently enjoining Bright from making any public statement, on social media or otherwise, to, or about, 1909 W25 and George, their trade or profession, or in any other way relating to 1909 W25 and George.

7

## PRAYER FOR RELIEF

WHEREFORE, 1909 W25 and George demand judgment against Bright as follows:

(a) An award to 1909 W25 and George of compensatory damages exceeding $25,000, and to be determined at trial, against Bright, based upon the allegations asserted herein;

(b) An award to 1909 W25 and George of punitive damages in an amount that this Court finds just and proper;

(c) An award to 1909 W25 and George of interest, plus costs, attorney's fees, and other such relief as this Court deems just and proper.

(d) A permanent injunction, enjoining Bright from making any public statement, on social media or otherwise, to, or about, 1909 W25 and George, their trade or profession, or in any other way relating to 1909 W25 and George.

Respectfully submitted,

*/s/ Christopher B. Congeni*
Christopher B. Congeni (#0078160)
Richard L. Hilbrich (#0092143)
**BRENNAN, MANNA & DIAMOND, LLC**
75 East Market Street
Akron, OH  44308
PH:  (330) 253-5060
FX:  (330) 253-1977
EMAIL:  cbcongeni@bmdllc.com
            rlhilbrich@bmdllc.com

*Counsel for Plaintiffs 1909 W25, LLC, and Robert George*

## JURY DEMAND

Plaintiffs 1909 W25, LLC, and Robert George, respectfully request a trial by jury on all triable issues set forth in this Counterclaim.

## INSTRUCTIONS FOR SERVICE

TO THE CLERK: Please serve the preceding Complaint on the Defendant, Alexandra Bright, at the address listed in the caption above, via U.S. certified mail, return receipt requested.

>/s/ Christopher B. Congeni
>*Counsel for Plaintiffs 1909 W25, LLC, and Robert George*

4852-0138-0782, v. 1